**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 03, 2023**

**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-10241-smr |
| REBECCA C. PAGE | § | CHAPTER 7 |
| Debtor. | § | |

| | | |
|---|---|---|
| RON SATIJA, Chapter 7 Trustee, | § | |
| Plaintiff, | § | |
| | § | ADV. NO. 22-01012-smr |
| v. | § | |
| | § | |
| REBECCA C. PAGE and | § | |
| AMY BANDA, | § | |
| Defendants. | § | |

### ORDER GRANTING IN PART AND DENYING IN PART
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REQUEST FOR
### SUPPLEMENTAL BRIEFING UNDER BANKRUPTCY RULE 7056

On April 26, 2023, the Court conducted a hearing on Ron Satija, Chapter 7 Trustee's

Motion for Summary Judgment Against Debtor Rebecca C. Page and Amy Banda [ECF No. 47]

(the "Trustee's MSJ"). This adversary proceeding involves $109,999.47 in inheritance

distributions that were made by Amy Banda ("Banda"), as executor of the Estate of Michael

Cordell Crump, from the probate estate to the Debtor, Rebecca Page, during Rebecca Page's

1

chapter 7 bankruptcy case. The Court has considered the Trustee's MSJ, any response thereto,[1] the evidence, and the arguments of counsel, and hereby finds that the Trustee's MSJ should be granted in part and denied in part as set forth below. The Court further requests additional briefing on the conversion claim under Bankruptcy Rule 7056.

First, the Trustee seeks summary judgment for a declaration that the post-petition distributions made by Banda to the Debtor during the Debtor's chapter 7 bankruptcy case are property of the bankruptcy estate. Under 11 U.S.C. § 541(a), property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case"[2] and "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date. . . by bequest, devise, or inheritance."[3] Based on the evidence presented, the Court finds that the Debtor's interest in the Estate of Michael Cordell Crump as of the petition date is property of the estate under 11 U.S.C. § 541(a)(1) and (a)(5), that the post-petition distributions made by Banda to the Debtor in the amount of $10,000.00 on August 10, 2021, $100,000.00 on August 26, 2021, and $17,669.47 on December 13, 2021 (collectively the "post-petition distributions")[4] were made during Page's bankruptcy case, and that Page was entitled to such distributions within 180 days of the commencement of her bankruptcy case. Based on the foregoing, the Court finds that the post-petition distributions are property of the bankruptcy estate under 11 U.S.C. § 541(a), and therefore the Trustee's MSJ for a declaration that

---

[1] Debtor/Defendant Rebecca C. Page ("Page" or "Debtor") did not file a response or offer any evidence to controvert the Trustee's MSJ.

[2] 11 U.S.C. § 541(a)(1).

[3] 11 U.S.C. § 541(a)(5).

[4] The Trustee's pleadings acknowledge and admit that Page turned over $17,670.00 to the Trustee by a cashier's check on or about January 10, 2022. Based on the foregoing, the Trustee asserts that he is entitled to recover the undelivered post-petition distributions in the amount of $109,999.47 (which is the amount of the post-petition distributions less Page's January 10, 2022 payment).

the post-petition distributions made by Banda to the Debtor during the Debtor's chapter 7 bankruptcy case are property of the bankruptcy estate is granted.

Second, the Trustee seeks summary judgment against Banda under 11 U.S.C. § 542(a) for the value of the undelivered post-petition distributions in the amount of $109,999.47. To support a cause of action for turnover under 11 U.S.C. § 542(a), the Trustee has the burden of proving by a preponderance of the evidence[5] that: (1) the property is (or was during the bankruptcy case) in the possession, custody, or control of a noncustodial third party (i.e., Banda); (2) the property (i.e., the undelivered post-petition distributions) constitutes property of the estate; and (3) the property is a type that the trustee could use, sell, or lease pursuant to section 363.[6] Based on the evidence presented, the Court finds that: (1) Banda was in possession, custody, and control of the post-petition distributions during the Debtor's bankruptcy case;[7] (2) the post-petition distributions constitute property of the estate;[8] and (3) the post-petition distributions could be used by the Trustee for the administration of the estate and distribution to creditors.[9] The Court further finds that the Trustee is entitled to a money judgment related to the undelivered post-petition distributions.[10] Based on the evidence presented, the Court finds that the Trustee has proven all of

---

[5] *In re Purcell,* 573 B.R. 859, 862 (Bankr. D. Kan. 2017); *Bailey v. Suhar (In re Bailey),* 380 B.R. 486, 490 (B.A.P. 6th Cir. 2008); *see also Search Market Direct, Inc. v. Jubber (In re Paige)*, 443 B.R. 878, 897 (D. Utah 2011) (rejecting a clear and convincing standard in favor of a preponderance of the evidence standard); *In re Crescent Resources, LLC,* 457 B.R. 506, 514-15 (Bankr. W.D. Tex. 2011) (a preponderance standard applies to the turnover of attorney-client files, even in the context of assertion of the attorney-client privilege).

[6] Courts are split on whether section 542(a)'s requirement that the property is not "of inconsequential value or benefit to the estate" is a fourth factor for the Trustee to prove or an affirmative defense to turnover. It doesn't matter in this case because the Court finds that the undelivered post-petition distributions in the amount of $109,999.47 are not inconsequential and would benefit the estate.

[7] The bankruptcy case was filed on April 1, 2021 and was pending when the post-petition distributions were made on August 10, 2021, August 26, 2021, and December 13, 2021.

[8] See the Court's finding and conclusion above regarding property of the estate.

[9] See Exhibit C of Trustee's MSJ: Declaration of Trustee in Support of Trustee's MSJ, 5, ECF No. 47.

[10] Section 542(a) expressly provides for delivery of the property or the value of such property. *Shapiro v. Henson,* 739 F.3d 1198, 1200-1203 (9th Cir. 2014); *Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. (In re USA Diversified Prods., Inc.),* 100 F.3d 53, 55 (7th Cir. 1996); *Newman v. Schwartzer (In re Newman),* 487 B.R. 193, 198-99 (B.A.P. 9th Cir. 2013).

the elements under 11 U.S.C. § 542(a), and therefore the Trustee's MSJ for turnover against Banda for the value of the undelivered post-petition distributions is granted.[11]

Third, the Trustee seeks summary judgment against the Debtor under 11 U.S.C. § 549(a) and 11 U.S.C. § 550(a)(1) for the avoidance of the post-petition distributions made by Banda to the Debtor during the Debtor's chapter 7 bankruptcy case (to the extent not already delivered to the Trustee). Based on the evidence presented, the Court finds that the post-petition distributions to the Debtor are property of the bankruptcy estate, that the post-petition distributions occurred after the commencement of the case, that the post-petition distributions were not authorized by the bankruptcy code or this Court, and that the Debtor was the initial transferee of the post-petition distributions. Based on the foregoing, the Court finds that the post-petition distributions from Banda to the Debtor during the Debtor's chapter 7 bankruptcy case should be avoided under 11 U.S.C. §§ 549(a) and 550(a)(1), and therefore the Trustee's MSJ against the Debtor under 11 U.S.C. § 549(a) and 11 U.S.C. § 550(a)(1) is granted.

Fourth, the Trustee seeks summary judgment against Banda and the Debtor under 11 U.S.C. § 105(a) for civil contempt due to their "willful" violations of the automatic stay. The Trustee has not asserted a claim for a stay violation under 11 U.S.C. § 362(k). This is important to note because in *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), the Supreme Court modified the standards for holding a party in contempt under 11 U.S.C. § 105(a). Under *Taggart*, a court may

---

[11] The Court declines to adopt Defendant Banda's argument that section 542(a) is not self-executing and therefore Banda's duty to turnover the post-petition distributions does not arise until the Court determines the post-petition distributions are subject to turnover and a final judgment is entered. *See* Banda's Response to Trustee's MSJ at paragraphs 12 through 17 citing *In re Denby-Peterson*, 941 F.3d 115, 130 (3d Cir. 2019) (holding that section 542(a)'s turnover provision is not self-effectuating). This Court adopts the reasoning of those courts that hold that the turnover provisions of section 542(a) are self-executing. *See Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi),* 432 B.R. 812, 823 (B.A.P. 9th Cir. 2010) ("It has long been the determination of this panel that the turnover provisions of the Bankruptcy Code are to be self-effectuating."); *Cornerstone Prods., Inc. v. Pilot Plastics, Inc. (In re Cornerstone Products, Inc.),* 2007 WL 4298745, at *12 (Bankr. E.D. Tex. Dec. 5, 2007) ("This affirmative obligation [under § 542(a)] is self-executing and does not require the holding of a hearing or the entry of an order by the bankruptcy court.").

find a party in civil contempt under 11 U.S.C. § 105(a) if: "(1) the party violated a definite and specific order of the court requiring [the party] to perform or refrain from performing a particular act or acts; (2) the party did so with knowledge of the court's order; and (3) there is no fair ground of doubt as to whether the order barred the party's conduct — i.e., no objectively reasonable basis for concluding that the party's conduct might be lawful." [12]

Applying the *Taggart* standard and based on the evidence presented, the Court finds as to Banda that there are fact issues with respect to the last two prongs of *Taggart* and whether: (1) Banda delivered the post-petition distributions to the Debtor with knowledge of the automatic stay; and (2) there is no fair ground of doubt as to whether the automatic stay barred Banda's conduct (i.e., there is no objectively reasonable basis for concluding that Banda's conduct might be lawful). Based on the foregoing, the Trustee's MSJ under 11 U.S.C. § 105(a) for civil contempt against Banda for violation of the automatic stay is denied.

Based on the evidence presented, the Court finds that the Debtor: (1) failed to disclose her interest in her father's probate estate in her bankruptcy schedules; (2) attempted to dismiss her bankruptcy case after the Trustee learned of her interest in her father's probate estate; (3) knew or should have known that she was obligated to turnover any post-petition distributions from Banda and/or her father's probate estate to the Trustee;[13] (4) knowingly acquired post-petition distributions from Banda and/or her father's probate estate; (5) knowingly and fraudulently failed

---

[12] *In re Lapeer Aviation, Inc.*, 2023 WL 3394922, at *3 (Bankr. E.D. Mich. 2023).

[13] The Court notes that the Debtor was represented by counsel during her bankruptcy case, that she is charged with notice of her statutory duties as a debtor under 11 U.S.C. § 521, including the duty to surrender to the trustee all property of the estate under 521(a)(4), and that she disclosed her interest in her father's probate estate to the Trustee at the meeting of creditors in May 2021. The Court also takes judicial notice of the Trustee's Application to Employ Counsel and Notice of Application to Employ filed in the main case on June 7, 2021, *In re Page*, No. 21-10241, ECF No. 14 and 15, both of which describe the Trustee's retention of counsel to monitor and determine the Debtor's potential interest in her father's probate estate, and the Trustee's Objection to the Debtor's Motion to Dismiss filed in the main case on July 19, 2021, *In re Page*, No. 21-10241, ECF No. 19, wherein the Trustee's counsel described the Debtor's interest in her father's probate estate and stated that he had been hired to pursue the Debtor's interest in her father's probate estate on behalf of the bankruptcy estate.

to report the post-petition distributions to the Trustee; (6) concealed the post-petition distributions from the Trustee; (7) knowingly and fraudulently failed to deliver the post-petition distributions to the Trustee; (8) knowingly and fraudulently used the post-petition distributions for her own use and benefit including, without limitation, the purchase of a mobile home; and (9) knowingly attempted to improperly exempt the mobile home that was purchased with the post-petition distributions.

Applying the *Taggart* standard and based on the evidence presented, the Court finds with regard to the Debtor that: (1) she knowingly and intentionally violated a definite and specific order of the court requiring her to deliver the post-petition distributions to the Trustee; (2) she did so with knowledge of the automatic stay and the requirement that she deliver the post-petition distributions to the Trustee; and (3) there is no objectively reasonable basis for concluding that the Debtor's conduct might be lawful. Based on the forgoing, the Court finds that the Trustee's MSJ under 11 U.S.C. § 105(a) for civil contempt against the Debtor for violation of the automatic stay is granted.

Fifth, the Trustee seeks summary judgment for conversion against Banda and the Debtor related to the undelivered post-petition distributions. The Court has reviewed the evidence presented and the legal arguments of the parties and is unable to determine whether the Trustee's conversion claim related to the undelivered post-petition distributions is a valid cause of action under Texas law. Based on the evidence presented, it appears that the undelivered post-petition distributions constitute "money" in the form of cash or checks that were paid by Banda to the Debtor. Under Texas law, conversion claims related to "money" are limited.[14] Accordingly, under

---

[14] *See generally Mitchell Energy Corp. v. Samson Res. Co.*, 80 F.3d 976, 984 (5th Cir. 1996) ("Texas jurisprudence holds that money can be the subject of conversion, but only when it is in the form of specific chattel, such as old coins, or when 'the money is delivered to another party for safekeeping, the keeper claims no title, and the

Bankruptcy Rule 7056 (incorporating by reference Rule 56(f) of the Federal Rules of Civil Procedure), the Court is giving written notice to the parties of the above issue regarding conversion and requests the parties submit written supplemental briefs on the following (not exceeding ten (10) pages excluding the signature page and certificate of service):

> (1) whether the Trustee has a valid claim under Texas law for conversion related to the post-petition distributions paid by Banda to the Debtor (why or why not); and

> (2) what evidence currently before the Court supports the elements of such claim.

The Court will not consider the submission of any further evidence and will only consider evidence that is already before the Court and specifically identified in the supplemental brief. Any supplemental briefs must be submitted on or before <u>Monday, August 14, 2023</u>. If the Trustee does not timely submit a supplemental brief in support of his conversion claim, then the Court will deny the Trustee's MSJ as to conversion and dismiss the claim.

Sixth, the Trustee seeks summary judgment revoking the Debtor's discharge under 11 U.S.C. § 727(d). Based on the evidence presented, the Court finds that the Debtor: (1) failed to disclose her interest in her father's probate estate in her bankruptcy schedules; (2) attempted to dismiss her bankruptcy case after the Trustee learned of her interest in her father's probate estate; (3) knew or should have known that she was obligated to turnover any post-petition distributions from Banda and/or her father's probate estate to the Trustee; (4) knowingly acquired post-petition distributions from Banda and/or her father's probate estate; (5) knowingly and fraudulently failed to report the post-petition distributions to the Trustee; (6) concealed the post-petition distributions

---

money is required and intended to be segregated, either substantially in the form in which it was received or as an intact fund.' An obligation to pay money generally, however, is treated differently under Texas law. 'When money is involved, it is subject to conversion only when it can be described or identified as a specific chattel, but not when an indebtedness may be discharged by the payment of money generally.'") (citations omitted); *Taylor Pipeline Const., Inc. v. Directional Rd. Boring, Inc.*, 438 F. Supp. 2d 696, 708 (E.D. Tex. 2006) (quoting *Mitchell Energy Corp.*, 80 F.3d at 984).

7

from the Trustee; (7) knowingly and fraudulently failed to deliver the post-petition distributions to the Trustee; (8) knowingly and fraudulently used the post-petition distributions for her own use and benefit including, without limitation, the purchase of a mobile home; and (9) knowingly attempted to improperly exempt the mobile home that was purchased with the post-petition distributions. Based on the evidence presented, the Court further finds that the Trustee did not have knowledge of the Debtor's receipt of the post-petition distributions until December 16, 2021, which was after the Debtor received her discharge on August 20, 2021. Based on the foregoing, the Trustee's MSJ for revocation of the Debtor's discharge under 11 U.S.C. § 727(d)(1) and (2) is granted and the Debtor's discharge is revoked.

Seventh, the Trustee seeks summary judgment that Banda and the Debtor are liable to the Trustee under the Texas Theft Liability Act (the "Act"). To recover under the Act, the Trustee must establish that: (1) he had a possessory right to property; (2) the Defendants unlawfully appropriated property in violation of the theft provisions of the Texas Penal Code; and (3) he sustained damages as a result of the theft. *In re Minardi*, 536 B.R. 171, 185-186 (Bankr. E.D. Tex. 2015). Under the Act, "a person commits theft when he unlawfully appropriates property with the intent to deprive the owner of that property." *Universal Plant Servs., Inc. v. Dresser-Rand Grp., Inc.*, 571 S.W.3d 346, 363 (Tex.App.—Houston [1st Dist.] 2018, no pet.) (citing TEX. CIV. PRAC. & REM. CODE § 134.002.); *Minardi*, 536 B.R. at 185-186; *In re TXCO Resources, Inc.*, 475 B.R. 781 (Bankr. W.D.Tex. 2012) (defining theft as "unlawfully [appropriating] property with intent to deprive the owner of property.").

Based on the evidence presented, the Court finds that whether Banda had the requisite intent under the Act is a fact issue to be determined at trial, and therefore the Trustee's MSJ against Banda under the Act is denied. As detailed in the Court's findings set forth above describing the

8

Debtor's conduct, the evidence presented demonstrates that the Debtor unlawfully used property of the estate, the post-petition distributions, to purchase an exempt asset, the mobile home, with the intent to deprive the estate (and the Trustee) of the distributions. Thus, the Court finds that the Debtor had the requisite intent and that the Trustee's MSJ seeking summary judgment against the Debtor for violation of the Act should be granted.

Finally, the Trustee seeks summary judgment imposing a constructive trust upon the mobile home that the Debtor purchased with the post-petition distributions. Based on the evidence presented, the Debtor admitted that she used $104,000 of the post-petition distributions to purchase the mobile home and has offered no controverting evidence.[15] Based on the evidence presented, the Court finds that the Debtor's conduct constitutes actual or constructive fraud,[16] that the Debtor was unjustly enriched, and that the Debtor admitted that she used $104,000 of the post-petition distributions to purchase the mobile home. Based on the foregoing, the Court finds that imposing a constructive trust on the mobile home in favor of the Trustee is appropriate and therefore the Trustee's MSJ for a constructive trust should be granted.

ACCORDINGLY, IT IS THEREFORE ORDERED that the Trustee's MSJ is granted as follows:

1. In favor of the Trustee that the post-petition distributions totaling $109,999.47 are/were property of the bankruptcy estate.

2. Against Banda under 11 U.S.C. § 542(a) for turnover of the value of the undelivered post-petition distributions.

3. Against the Debtor under 11 U.S.C. § 549(a) and 11 U.S.C. § 550(a)(1) for the

---

[15] See the Debtor's response to Trustee's Request for Admission No. 4, Trustee's MSJ, Ex. F, ECF No. 47.
[16] See the Court's findings above under revocation of discharge that outline the knowing and fraudulent conduct of the Debtor that gives rise to a constructive trust.

9

avoidance of the post-petition distributions made by Banda to the Debtor during the Debtor's chapter 7 bankruptcy case.

4. Against the Debtor under 11 U.S.C. § 105(a) for civil contempt.

5. Against the Debtor for revocation of the Debtor's discharge under 11 U.S.C. § 727(d)(1) and (2).

6. Against the Debtor under the Texas Theft Liability Act, TEX. CIV. PRAC. & REM. CODE §§ 134.001-134.005.

7. In favor of the Trustee for a constructive trust over the mobile home that the Debtor purchased with the post-petition distributions.

IT IS FURTHER ORDERED that additional briefing is requested on the Trustee's conversion claim as set forth above. If the Trustee does not timely submit a brief, then the Court will deny the Trustee's MSJ as to conversion and dismiss the claim.

IT IS FURTHER ORDERED that summary judgment is denied as to all remaining relief requested in the Trustee's MSJ including the amount of judgment that should be entered against Banda and/or the Debtor and the Trustee's entitlement to attorney's fees and expenses (and the amount thereof).

# # #